UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-828 (CEJ) |
| MENARD, INC. d/b/a MENARDS, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| vs. | ) |
| DANIEL STREIBERG, | ) |
| Defendant/Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Menard, Inc. to deny plaintiff's joinder of an additional defendant. Plaintiff has responded in opposition, and the issues are fully briefed.

**I.  Background**

Plaintiff Richard Parshall initiated this action in the Circuit Court of St. Louis County, Missouri on December 31, 2015. Plaintiff seeks damages for personal injuries he sustained after he was struck by copper merchandise that fell from a display at a retail store owned by defendant Menard, Inc., d/b/a Menards. Plaintiff alleges that Menards failed to properly secure the merchandise. On February 5, 2016, Menards filed a third-party complaint against Daniel Streibig,[1] another customer in the store. Menards alleges that Streibig negligently picked up and moved the copper merchandise, causing it to fall from its display and injure plaintiff.

In accordance with Missouri law, the plaintiff's petition included a prayer for damages necessary to establish the state court's jurisdiction. Mo. R. Civ. P. 55.05

---
1 Streibig was incorrectly named as "Streiberg" in the third-party complaint.

("[I]n actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."). Plaintiff subsequently sent Menards an initial settlement demand for damages in the amount of $217,500. Menards then removed the case to this Court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. §§ 1332 and 1446(b)(3). Plaintiff is a citizen of Missouri, and Menards is a citizen of Wisconsin.

On June 17, 2016, plaintiff sought leave to file an amended complaint to add a claim against third-party defendant Streibig. Because no case management order had been entered, plaintiff's proposed amendment was filed without leave of Court. See Fed. R. Civ. P. 15(a). Like plaintiff, Streibig is a citizen of Missouri. Because adding Streibig as a defendant would destroy the Court's subject matter jurisdiction over this action, Menards requests that the Court deny joinder of Streibig as a co-defendant.

**II.   Discussion**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under Eighth Circuit case law, "[j]oinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009). Streibig, as an alleged joint tortfeasor with Menards, is neither a necessary nor indispensable party pursuant to Rule 19. See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint

2

tortfeasors to be named as defendants in a single lawsuit."); Bailey, 563 F.3d at 308 ("[T]ortfeasors with joint and several liability are merely permissive parties."). Because Streibig is not an indispensable party, the Court has "full discretionary authority to deny joinder and retain jurisdiction over the action." Bailey, 563 F.3d at 308; see also Woodbury v. Courtyard Mgmt. Corp., No. 4:11-CV-1049 (CEJ), 2012 WL 482344, at *3 (E.D. Mo. Feb. 14, 2012) ("Courts have generally held that § 1447(e) gives the court the authority to deny joinder notwithstanding any right the plaintiff may have to amend under Rule 15.").

The Court must also consider whether justice requires that Streibig be joined as a defendant and the case remanded to state court. Woodbury, 2012 WL 482344, at *3. "[T]he Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." Bailey, 563 F.3d at 309 (quoting Le Duc v. Bujake, 777 F. Supp. 10, 12 (E.D. Mo. 1991)) (adopting the Fifth Circuit's balancing test articulated in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).

Considering these factors, the Court concludes that plaintiff should not be allowed to join Streibig as a co-defendant. First, plaintiff sought leave to amend his complaint and add Streibig as a defendant six months after filing the original complaint and seven days after Menards removed the case to this Court. Shortly after filing the amended complaint, plaintiff then filed a motion to remand the case to state court, based in part on the lack of complete diversity between plaintiff and

3

Streibig. The timing and sequence of these facts and reasonable inferences drawn therefrom suggest an attempt to defeat the Court's jurisdiction over the matter.

Second, plaintiff does not dispute that he knew of Streibig's actions as a potentially liable third-party prior to filing this lawsuit. Also, plaintiff knew the identity of Streibig four months prior to removal due to the filing of defendant's third-party complaint. Despite this knowledge, plaintiff did not assert any claims against Streibig until now. These facts further suggest that plaintiff's purpose in amending the complaint and joining Streibig as a defendant is to defeat the Court's subject matter jurisdiction. See Blando v. Bus. Men's Assurance Co. of Am., No. 12-0559-CV-W-SOW, 2012 WL 6699090, at *3 (W.D. Mo. Aug. 21, 2012) ("Several district courts have held that the fact that a plaintiff attempted to add a nondiverse defendant only after the case was removed, even though the plaintiff knew about the nondiverse defendant's activities at the time the suit was filed, strongly indicates the purpose of plaintiff's amendment is to defeat the jurisdiction of federal court."). This delay in asserting claims against Streibig also demonstrates that plaintiff was dilatory in amending the complaint.

Finally, because plaintiff has alleged that Menards and Streibig are joint tortfeasors and Streibig is thus merely a permissive party, plaintiff will not be significantly injured if the amendment is not allowed. See Bailey, 563 F.3d at 309. Therefore, justice does not require joining Streibig as a co-defendant in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Menard, Inc. to deny joinder of additional defendant [Doc. #20] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint [Doc. #18] is **stricken**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2016.