UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-828 (CEJ) |
| MENARD, INC. d/b/a MENARDS, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| vs. | ) |
| DANIEL STREIBERG, | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand. Defendant Menard, Inc., doing business as Menards, has responded in opposition, and the issues are fully briefed.

### I.   **Background**

Plaintiff Richard Parshall initiated this action in the Circuit Court of St. Louis County, Missouri on December 31, 2015. Plaintiff seeks damages for personal injuries he sustained after he was struck by copper merchandise that fell from a display at a retail store owned by defendant Menards. Plaintiff alleges that Menards failed to properly secure the merchandise. On February 5, 2016, Menards filed a third-party complaint against Daniel Streibig,[1] another customer in the store. Menards alleges that Streibig negligently picked up and moved the copper merchandise, causing it to fall from its display and injure plaintiff.

On June 10, 2016, Menards removed the case to this Court, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. §§ 1332 and 1446(b)(3). In

---
1 Streibig was incorrectly named as "Streiberg" in the third-party complaint.

the instant motion, plaintiff argues that this case should be remanded to state court because the removal was untimely, Menards waived its right to remove, complete diversity is lacking, and the amount in controversy requirement has not been established.

## II. Discussion

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

### A. Timeliness

As a general rule, a defendant must file a notice of removal within thirty days after receipt of the summons and complaint. § 1446(b)(1). Section 1446 also provides, however, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

In the instant case, plaintiff's initial pleading was not removable. The Eighth Circuit has held that "the thirty-day time limit of section 1446(b) begins running upon

2

receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)). In accordance with Missouri law, plaintiff did not include a dollar amount in the complaint's demand, except to establish the state court's jurisdictional authority. See Mo. R. Civ. P. 55.05 ("[I]n actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."). Thus, because plaintiff's "complaint did not explicitly state the amount in controversy, [the] complaint did not trigger the running of § 1446(b)'s thirty-day deadline." Knudson v. Sys. Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011).

As such, the Court must determine "at what point [defendant] could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court." Bachman v. A.G. Edwards, Inc., No. 4:09-CV-00057 (ERW), 2009 WL 2182345, at *3 (E.D. Mo. July 22, 2009) (quoting Stewart v. Mayberry, No. 4:09-CV-0569 (TCM), 2009 WL 1735773, at *2 (E.D. Mo. June 18, 2009)). "[F]ederal courts have given the reference to 'other paper' [in section 1446(b)(3)] an expansive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3731 (4th ed. 2016). The Eighth Circuit has noted that "[a]ll of the document types listed in § 1446(b) are commonly produced in the course

3

of litigating an individual case of any complexity[.]" Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 969 (8th Cir. 2007).

Plaintiff argues that Menards was aware that his potential damages could exceed $75,000 in January 2015, a year before the lawsuit was filed in state court. However, the exhibits plaintiff attached to his reply do not support this contention. The correspondence between plaintiff's counsel and a claims adjuster contain no medical records or statement of medical expenses. See Pl.'s Ex. 1 [Doc. #39-1]. Another exhibit submitted by plaintiff shows only that Menards' claims adjuster paid $5,000 to plaintiff in for medical expenses. See Pl.'s Ex. 2 [Doc. #39-2]. Menards argues that it removed the action upon receipt of a document that made removability first ascertainable—an email plaintiff's attorney sent defense counsel on May 26, 2016 with a settlement demand of $217,500. See Def.'s Ex. C [Doc. #1].

In alignment with the conclusions of numerous other federal courts, the Court finds that the May 26 email containing a settlement offer constituted an "other paper" upon which defendant could first ascertain that the case had become removable under § 1446(b)(3). E.g., Moltner v. Starbucks Coffee Co., 624 F.3d 34, 36–38 (2d Cir. 2010) (finding that a letter between attorneys stating that plaintiff sought damages not to exceed $3 million constituted an "other paper" from which defendant could first ascertain that the case was removal on the basis of diversity jurisdiction); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir. 2000) (holding that plaintiff's post-complaint demand letter offering to settle the suit for an amount in excess of $75,000 was an "other paper" under § 1446(b) that gave defendant notice that the case was removable); Metzger v. Wal-Mart Stores, Inc., No. 4:07-CV-1024 (DDN), 2007 WL 2454121, at *2 (E.D. Mo. Aug. 23, 2007) ("The thirty-day removal

4

period was triggered by the plaintiff's settlement demand letter."). Thus, because Menards removed the action within thirty days of receipt of the settlement offer, its removal was timely.

**B. Waiver**

Plaintiff argues that even if removal was timely, Menards waived its right to remove by manifesting an intent to litigate in state court. Plaintiff contends that defendant's action in filing a third-party petition, serving discovery responses, filing discovery motions, and making court appearances indicate approval of the state court's jurisdiction. The Eighth Circuit has held that a defendant waives the right to remove a case filed in state court to federal court based on diversity jurisdiction "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." PR Grp., LLC v. Windmill Int'l, Ltd., 792 F.3d 1025, 1026 (8th Cir. 2015) (quoting Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004)). "Such waiver must be clear and unequivocal." Id. "[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." Id. (quoting Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003)).

Other federal courts have held that a defendant waives its right to remove by filing a permissive pleading in the state court before filing a notice of removal. See, e.g., Knudsen v. Samuels, 715 F. Supp. 1505, 1506 (D. Kan. 1989) (finding that defendants' third-party complaint was a permissive pleading subject to the rule that a defendant waives its right to remove if it files a pleading before filing a notice of removal). However, here, defendant filed its third-party complaint well before the

5

action became removable. The Court cannot conclude that defendant waived a right it did not yet have at that point in the proceedings. See Wright v. Lupton, 118 F. Supp. 25, 26 (W.D. Mo. 1954) ("The pleadings of a defendant prior to the time when it first appears from plaintiff's pleadings that the cause is removable will not effect a waiver of the statutory right to removal."); see also Cevallos v. Silva, 541 F. App'x 390, 393 (5th Cir. 2013) (finding that the defendant's motion to dismiss occurred in state court before the case was removable and "could thus not waive the right to remove before it arose"); MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 752 (W.D.N.Y. 2012) (finding that defendant's motion to compel arbitration, filed before the filing of an amended petition that rendered the case removable, could not be interpreted as a waiver to defendant's right to seek removal). "[T]o waive the right of removal, a defendant must proceed in state court despite having notice of its right to remove the case." Bechtelheimer v. Continental Airlines, Inc., 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (quoting Cruz v. Lowe's Home Ctrs., Inc., No. 8:09-CV-1030-T-30MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009)).

As noted above, the action became removable upon defense counsel's receipt of plaintiff's settlement offer on May 26, 2016. After defendant was on notice of its right to remove the case, its actions in the state court proceeding include withdrawing a previously filed motion for sanctions, defending against plaintiff's motion for sanctions, filing a motion to strike plaintiff's discovery objections, and appearing at a previously scheduled hearing on pending motions. See Docket Sheet in Parshall v. Menard, Inc. c/b/a Menards, Cause No. 15SL-CC04462 [Doc. #1]. Defendant did not file any motions addressing the merits of the complaint, seek an adjudication on the merits, or take any other substantial offensive or defensive action in the state court

proceeding after the case became removable. Instead, defendant took basic steps to protect itself and comply with discovery deadlines in the state court proceeding. Thus, the Court cannot find that defendant demonstrated a clear and unequivocal intent to waive its right to remove the case to federal court by its actions in the state court proceeding.[2]

### C. Diversity Jurisdiction

Plaintiff next contests the Court's jurisdiction over this matter. Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). The parties do not dispute that Parshall is a citizen of Missouri and Menards is a citizen of Wisconsin. It is also undisputed that third-party defendant Streibig is a citizen of Missouri. The fact that Streibig is not of diverse citizenship from plaintiff, however, does not deprive the Court of jurisdiction. For purposes of § 1332(a), "'[d]iversity of citizenship is determined by reference to the parties named in the proceeding before the district court, as well as any indispensable parties who must be joined pursuant to Rule 19' of the Federal Rules of Civil Procedure." BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC, 706 F.3d 888, 893 (8th Cir. 2013) (quoting Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 1010)). "[T]he presence of nominal or formal or unnecessary parties . . . may be ignored in determining whether diversity jurisdiction exists." Midwestern Indem. Co. v. Brooks, 779 F.3d 540, 544 (8th Cir. 2015) (internal citations and quotations omitted).

---

[2] Indeed, in its first set of interrogatories served within the first month after service of the summons and complaint, defendant attempted to ascertain the amount in controversy for purposes of removal. Def.'s Ex. A, at *33–34 [Doc. #1]. Defendant continued to seek to compel plaintiff to fully respond to this interrogatory regarding the amount of damages sought throughout the action's pendency in state court.

As noted by the Court in its order denying joinder of Streibig as an additional defendant pursuant to 28 U.S.C. § 1447(e), Streibig, as an alleged joint tortfeasor with Menards, is neither a necessary nor indispensable party as defined in Rule 19. See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009) ("[T]ortfeasors with joint and several liability are merely permissive parties."). As solely a permissive third-party defendant, Streibig's citizenship is irrelevant to the jurisdictional analysis of § 1332. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n.1 (1996) ("The fact that plaintiff and third-party defendant may be co-citizens is completely irrelevant. . . . [P]laintiff and third-party defendant are simply not adverse, and there need be no basis of jurisdiction between them." (internal brackets and quotations omitted)); Waylander-Peterson Co. v. Great N. Ry. Co., 201 F.2d 408, 415 (8th Cir. 1953) ("Where the necessary diversity exists between plaintiff and defendant, there is no necessity that such diversity should exist with respect to the third-party defendant. In other words, if the third-party claim is ancillary and incidental to the principal action, independent grounds of jurisdiction need not exist."); Corlew v. Denny's Rest., Inc., 983 F. Supp. 878, 879 (E.D. Mo. 1997) ("The Court agrees with defendant that citizenship of the third-party defendant is not considered in determining whether diversity of citizenship exists."). Thus, complete diversity exists among the relevant parties for purposes of a jurisdictional analysis under § 1332(a).

Plaintiff also contends that the requisite amount in controversy is not met. Where the complaint fails to allege a specific amount of damages, as here, the

removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). In the Eighth Circuit, the amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 821 (8th Cir. 2011) (quoting Advance Am. Servicing of Ark. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is less than the requisite amount." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).

As noted above, plaintiff's attorney sent defense counsel an email with a settlement demand of $217,500 on May 26, 2016. Def.'s Ex. C [Doc. #1]. According to the complaint, plaintiff suffered "serious and painful injuries to his left upper extremity, left shoulder, and neck," including continuing medical expenses and lost wages, as a result of defendant's negligence. Compl. ¶¶ 10–11 [Doc. #3]. In response to defendant's first set of interrogatories served in state court, plaintiff stated that he was seeking "[a] fair and reasonable amount as determined by a jury" as compensation for his alleged injuries. Def.'s Ex. 2 [Doc. #37]. Based on the allegations in the complaint and plaintiff's settlement demand, the Court finds that defendant has demonstrated by a preponderance of the evidence that a fact finder

9

might legally conclude the damages in this case are greater than $75,000, exclusive of interest and costs. Plaintiff has not established to a legal certainty that his claim is less than the requisite amount. As such, the amount in controversy exceeds the jurisdictional requirement in § 1332(a).

   **D.   Attorney's Fees and Costs**

Because the Court has determined that it has subject matter jurisdiction and removal was proper, the Court has no basis to grant plaintiff's request for attorney's fees and costs. See 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

\*   \*   \*   \*   \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #25] is **denied**.

*[signature: Carol E. Jackson]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2016.