UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-828 (CEJ) |
| ) | |
| MENARD, INC. d/b/a MENARDS, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DANIEL STREIBERG, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the renewed motion of defendant Menard, Inc., to strike plaintiff's objections to defendant's written discovery. Plaintiff has responded in opposition, and the issues are fully briefed.

### **I. Background**

On February 12, 2016, defendant served on plaintiff its first set of interrogatories and requests for production of documents. Plaintiff requested an extension of time to respond to defendant's written discovery, which was granted by the state court in which the case was then pending. Accordingly, plaintiff's responses were due on April 15, 2016. On May 11, 2016, after receiving no responses to defendant's discovery requests, defense counsel telephoned plaintiff's counsel in an effort to resolve the issue without court involvement. That contact failed to prompt plaintiff's discovery responses.

On May 20, 2016, defendant filed a motion for sanctions, or in the alternative, a motion to compel against plaintiff in the state court proceeding. On May 27, 2016, plaintiff served his responses, including objections, to the discovery. On June 3,

2016, defendant withdrew its motion for sanctions and moved instead to strike plaintiff's objections to the discovery as untimely. On June 10, 2016, before the state court had the opportunity to hear the motion, defendant removed the case to this Court. The defendant now renews its motion to strike plaintiff's objections to its discovery.[1]

**II. Discussion**

Defendant argues that plaintiff waived all objections to the interrogatories and requests for production of documents by failing to assert them in a timely manner. See Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Thus, defendant asserts that the objections should be stricken and plaintiff should be required to provide full and complete answers and responses to the discovery requests.

Federal Rule of Civil Procedure 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory must be stated with specificity." "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see also BancorpSouth Bank v. RWM Props. II, LLC, No. 4:11-CV-373 (JCH), 2012 WL 3939972, at *1 (E.D. Mo. Sept. 10, 2012) ("Even an objection that the information sought is privileged is waived by a failure to make it within the proper time limits."). Although Rules 33(b)(4) and 34(b)(2) contain different language describing the means for objecting to interrogatories and requests for production, "courts uniformly conclude that an objection [to either] may be waived if it is not timely raised and good cause for the delay is not shown." Talevski v. Carter, No. 2:05-CV-184, 2007 WL 1797634, at *3 (N.D. Ind. 2007); e.g., Fonville v. D.C., 230 F.R.D. 38, 42 (D.D.C. 2005) ("Unlike Rule 33, Rule 34 does not contain an

---

1 Defendant attached and incorporated its original motion in its renewed motion. See Def.'s Ex. A [Doc. #13].

automatic waiver provision as a consequence of failing to file a timely objection, but there is no reason to interpret the two rules differently."); see also BancorpSouth Bank, 2012 WL 3939972, at *1 (summarizing Rule 33(b)(4) and stating that "[t]he same waiver rule applies under Rule 34); Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006) ("[C]ourts have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms.").

Plaintiff's explanation for his late responses is that his counsel mistakenly believed that the discovery responses had been submitted before the April 15 deadline and was not aware that a problem existed until he was contacted by defense counsel on May 11. Nevertheless, plaintiff concedes that no certificate of service was filed with the state court showing compliance with the April 15 deadline. Additionally, plaintiff provides no explanation for failing to "re-send" the discovery responses after being told by defense counsel that they had not been received. reminded by d to the discovery requests after counsels' May 10 telephone conversation, when he concedes notice of his failure to timely respond. The Court finds that plaintiff has not shown good cause to excuse his failure to make timely objections to the discovery. Therefore, the objections are waived.

In finding that plaintiff has waived any objections to defendant's discovery requests, the Court recognizes that some courts have expressed concern that a "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 223 (N.D.W.V. 2007) (quoting Carlson v. Freightliner LLC, 226 F.R.D. 343, 363 (D. Neb. 2004)). Assuming, *arguendo*, that plaintiff's conduct does not fall within one of the

aforementioned categories, courts have found objections based on privilege or work product protection nonetheless waived when a party fails to provide a privilege log in support of its untimely objections. Cargill, Inc. v. Ron Burge Trucking, Inc., 284 F.R.D. 421, 425 (D. Minn. 2012); see Horace Mann Ins., 238 F.R.D. at 538 (finding that "aside from being late, plaintiff's response also failed to adequately perfect its claim of privilege" by producing a privilege log); 8B Charles Alan Wright, et al., Federal Practice and Procedure § 2173 (3d ed. 2016) ("[F]ailure to comply with [Rule 26(b)(5)(A)] can result in waiver of the privilege objection. Even before Rule 26(b)(5)(A) was adopted in 1993, courts found that privilege objections to interrogatories were waived unless properly interposed.").

Plaintiff asserted attorney-client privilege and work product protection in his objections to Interrogatory No. 22 and Requests for Product Nos. 11 and 15. [Doc. #38]. Rule 26(b)(5) provides that when a party withholds information on the basis of a privilege or protection, the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Courts have consistently interpreted this requirement to mean that the party must produce a document index or privilege log. Jiang v. Porter, No. 4:15-CV-1008 (CEJ), 2016 WL 3015163, at *1 (E.D. Mo. May 26, 2016) (citing Jacobson v. Metro. St. Louis Sewer Dist., No. 4:14-CV-1333 (AGF), 2015 WL 5330428, at *3 (E.D. Mo. Sept. 14, 2015)). Boilerplate objections to discovery requests, including for documents, are inappropriate. Nye v. Hartford Accident & Indem. Co., No. 12-5028-JLV, 2013 WL

4

3107492, at *8 (D.S.D. June 18, 2013); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511–12 (N.D. Iowa 2000).

Plaintiff did not serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) with his late assertions of privilege in response to defendant's discovery requests. Thus, plaintiff's failure to timely produce a privilege log in support of his untimely objections supports the Court's finding that plaintiff has waived any objections to discovery, including assertions of privilege.[2] See Horace Mann Ins., 238 F.R.D. at 538 ("Therefore, in light of the untimeliness of plaintiff's objections and the fact that the tardy response did not include a privilege log the court finds that all of plaintiff's objections are waived.")

Accordingly,

**IT IS HEREBY ORDERED** that the renewed motion of defendant Menard, Inc. to strike plaintiff's objections [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until December 27, 2016, to answer defendant's first set of interrogatories and to produce all documents responsive to defendant's requests for production of documents.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2016.

---

2 In his response in opposition to the instant motion, plaintiff also objects to defendant's interrogatory requests on the basis that the interrogatories exceed the number permitted by Rule 33(a)(1). However, plaintiff voluntarily answered or objected to all of defendant's interrogatories, thereby also waiving this objection.