IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:16-cv-00828 |
| v. | ) |
| MENARD, INC. d/b/a MENARDS, | ) |
| Defendant, | ) |
| v. | ) |
| DANIEL STREIBERG, | ) |
| Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DEFENDANT MENARD, INC. TO RESPOND TO DISCOVERY REQUESTS**

**I.      INTRODUCTION**

On December 23, 2014, Plaintiff Richard Parshall ("Mr. Parshall") was shopping at Defendant Menard, Inc. d/b/a Menards's ("Menards") Ballwin, Missouri store.  While shopping at Menards, Mr. Parshall was struck on the shoulder with a copper rod that had been negligently displayed by Menards.  The copper rods in question were displayed vertically in a self-service rack without any safety precautions preventing the merchandise from falling into the aisle where Menards' customers were shopping.  When Mr. Parshall sued Menards for his alleged injury, Menards brought Daniel Streibig ("Mr. Streibig") into this case as a Third-Party Defendant.

Despite clear surveillance video evidence showing Mr. Streibig acting as a careful and reasonable shopper, Menards has refused to dismiss Mr. Streibig from this case.  Because Mr. Streibig remains in this case, he has served discovery requests on Menards seeking basic

discovery.  Specifically relevant to this Motion to Compel, Mr. Streibig seeks evidence of other incidents at any of Menards' stores similar to the incident at issue in this case.  Menards has objected to this discovery and has even filed a motion for protective order to prevent its corporate designee from being deposed on this topic.  Dkt. 56.[1]  Mr. Streibig now moves to compel Menards to produce this relevant information in response to Mr. Streibig's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

## II.   BACKGROUND

Mr. Streibig served his Requests and Interrogatories on Menards on October 20, 2016.  Exhibits A and B.[2]  In his Requests and Interrogatories, Mr. Streibig sought information and documents related to other incidents at each of Menards' stores similar to the incident at issue in this case.

Specifically, Request No. 8 seeks "[a]ll documents and things relating to any complaints (including OSHA-related complaints), citations, or investigations related to the stocking, organizing, placing, shelving, arranging, or displaying of merchandise at Menards' stores from January 1, 2010 to present."  Exhibit A at Request No. 8.

Request No. 9 seeks "[a]ll documents and things relating to any informal or formal complaints, incidents, or reports related to the stocking, organizing, placing, shelving, arranging, or displaying of merchandise at Menards' stores from January 1, 2010 to present."  *Id.* at Request No. 9.

---

[1] Mr. Streibig filed an Opposition to Menards' Motion for Protective Order.  Dkt. 58.  Many of the issues in Mr. Streibig's Opposition parallel this Motion to Compel.

[2] References to "Exhibits" are to the Exhibits filed with Mr. Streibig's Motion to Compel.

Request No. 28 seeks "[a] copy of any complaint and/or petition in any personal injury or worker's compensation lawsuit in which You have been a party since January 1, 2010 to present." *Id.* at Request No. 28.

Request No. 29 seeks "[a]ll documents and things that refer or relate to all formal and informal complaints, petitions, allegations, lawsuits, and/or incident reports relating to the stocking, organizing, placing, shelving, arranging, or displaying of Menards' merchandise, including but not limited to any complaints, petitions, allegations, lawsuits, and/or incident reports relating to merchandise that fell off or was knocked off any shelves or display areas at Menards." *Id.* at Request No. 29.

Interrogatory No. 11 seeks Menards to "[i]dentify and describe in detail all formal and informal complaints, petitions, allegations, lawsuits, and/or incident reports relating to the stocking, organizing, placing, shelving, arranging, or displaying of Menards' merchandise, including but not limited to any complaints, petitions, allegations, lawsuits, and/or incident reports relating to merchandise that fell off or was knocked off any shelves or display areas at Menards." Exhibit B at Interrogatory No. 11.

Menards has objected to the above Requests and Interrogatory as, among other things, overly broad, unduly burdensome, as seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence. Exhibit A and B. In Response to Request Nos. 8, 9, 29, and Interrogatory No. 11, Menards has, in addition to objecting, limited its response to incidents of falling copper grounding rods at its Manchester store. Exhibits A and B. After a meet and confer, Menards stands by its objections and has refused to produce any responsive documents relating to its numerous other stores.

**III.	ARGUMENT**

Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). Certain factors considered in determining the "proportional needs of the case" are "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Request Nos. 8, 9, 28, and 29 and Interrogatory No. 11 all seek discoverable information relating to other incidents similar to the one at issue in this case at any of Menards' stores. This information squarely falls within the permissible scope of discovery under Rule 26(b)(1). Menards has objected to producing this information by stating that these Requests and Interrogatory seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. This information, however, is highly relevant and is likely to lead to the discovery of admissible evidence. For instance, "[e]vidence of other accidents may be relevant to the defendant's ability to correct known defects, the magnitude of the danger, the lack of safety for intended uses, or causation. . . . It can also prove notice of the existence of defects." *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993). Without this discovery, Mr. Streibig will be unable to make a showing of substantial similarity to admit this evidence at trial. *Id.* ("For other accident evidence to be admissible, the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar."). Menards' refusal to produce this information is without merit.

These discovery requests are also not overly broad.  Whether Menards displays similar self-service merchandise without any safety precautions—as they have in this case—at any of its stores is information in the custody and control of Menards, and Mr. Streibig has no other narrower or less burdensome way to discover this information.  Menards also has ease of access to this information whereas Mr. Streibig has no other way to access this information.  Further, Menards has significantly greater resources than Mr. Streibig, who is an individual that has been involuntarily brought into this lawsuit by Menards.

Menards also objects to these discovery requests as seeking privileged information protected by either the "attorney-client privilege" or the "insurer-insured privilege."  *See, e.g.*, Exhibit A at Request No. 9.  But Mr. Streibig is not seeking any privileged information and Menards has not indicated that it is withholding any privileged information.  Nor has Menards produced a Privilege Log specifying what information it has withheld on the basis of an asserted privilege.  If Menards is withholding documents on a claim of privilege, then Menards should, at the very least, provide enough information regarding any documents being withheld so that Mr. Streibig can assess the claim of privilege.  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Regardless, all non-privileged responsive information should be produced.

Finally, Menards objects to the production of this information on the grounds that the Requests and Interrogatory seek "information that is proprietary and confidential and not publicly known."  It is unclear what "proprietary" information Menards is referring to with this objection.  But to the extent Menards is concerned about the disclosure of "proprietary" information, there is a Protective Order in place in this case that allows Menards to designate material as Confidential.  This should alleviate any concern Menards may have regarding producing this information.

In attempting to block the discovery relating to other incidents at its stores, Menards appears to conflate the idea of admissibility with discoverability. Information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Mr. Streibig should therefore be free to seek discovery regarding whether similar incidents have occurred at any of Menards' stores.

**IV.    CONCLUSION**

For the reasons discussed above, Mr. Streibig respectfully moves for an Order compelling Defendant Menards to produce documents and information fully responsive to Request Nos. 8, 9, 28, and 29, and to fully answer Interrogatory No. 11 in a manner consistent with the Federal Rules of Civil Procedure, and for such other relief as this Court deems just and proper..

Dated: December 23, 2016                                   Respectfully submitted,

SENNIGER POWERS LLP

By: /s/ *Kyle G. Gottuso*
Robert M. Evans, Jr., #35613MO
Kyle G. Gottuso, #64869MO
100 N. Broadway, 17th Floor
St. Louis, MO 63102
(314) 345-7000
(314) 345-7600 Facsimile
revans@senniger.com
kgottuso@senniger.com

*Attorneys for Third-Party Defendant*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2016, the above was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record in this action.

                                              /s/ *Kyle G. Gottuso*