UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-828 (CEJ) |
| ) | |
| MENARD, INC. d/b/a MENARDS, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DANIEL STREIBERG, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion to compel filed by third-party defendant Daniel Streibig[1]. The parties have responded in opposition and the issues are fully briefed.

### I. **Background**

This action arises from an incident in which merchandise fell from a display and struck plaintiff at a Menards store on Manchester Road in Ballwin, Missouri. Plaintiff alleges defendant failed to properly secure the merchandise in the display. Defendant alleges that Streibig was negligent in handling the merchandise and is thus culpable for the harm suffered by plaintiff. On October 20, 2016, Streibig served his first request for production of documents and his first set of

---

[1] The parties appear to agree that the third-party defendant's name is "Streibig" not "Streiberg."

interrogatories on defendant, requesting information and documents related to similar incidents at other Menards stores.

The following requests and interrogatories are at issue:

Request No. 8 seeks "[a]ll documents and things relating to any complaints (including OSHA-related complaints), citations, or investigations related to the stocking, organizing, placing, shelving, arranging, or displaying of merchandise at Menards' stores from January 1, 2010 to present." [Doc. #59-1]. Defendant objected to the request on the grounds that it: "seeks information regarding a matter that is not proportional to the needs of the case considering the importance of the issues at stake in the action, is vague, is overbroad as to time and scope, is ambiguous as to the meaning of 'complaints, citations, or investigations,' is unduly burdensome, seeks information that is irrelevant or immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence." Defendant also objected on the grounds that the request "seeks information protected by the attorney work-product doctrine, attorney-client privilege, and/or insurer-insured privilege." Defendant stated the request "impermissibly seeks information about communications or statements made in anticipation of litigation." Defendant also objected to the extent "the request seeks information that is proprietary and confidential and not publicly known." In response to the request, defendant stated that there were no "complaints, citations, or investigations" involving copper grounding rods, limiting its response to the Manchester Road store and without waiving the aforementioned objections.

Request No. 9 seeks "[a]ll documents and things relating to any informal or formal complaints, incidents, or reports related to the stocking, organizing, placing,

shelving, arranging, or displaying of merchandise at Menards' stores from January 1, 2010 to present." [Doc. #59-1]. Defendant objected to the request on the grounds that it: "seeks information regarding a matter that is not proportional to the needs of the case considering the importance of the issues at stake in the action, is vague, is overbroad as to time and scope, is ambiguous as to the meaning of 'complaints, incidents, or reports,' is unduly burdensome, seeks information that is irrelevant or immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence." Defendant also objected on the grounds that the request "seeks information protected by the attorney work-product doctrine, attorney-client privilege, and/or insurer-insured privilege." Defendant further asserted that the request "impermissibly seeks information about communications or statements made in anticipation of litigation." Defendant also objected to the extent "the request seeks information that is proprietary and confidential and not publicly known." In response to the request, defendant stated that there were no "complaints, incidents, or reports" involving copper grounding rods, limiting its response to the Manchester Road store and without waiving the aforementioned objections.

Request No. 28 seeks "[a] copy of any complaint and/or petition in any personal injury or worker's compensation lawsuit in which You have been a party since January 1, 2010 to present." [Doc. #59-1]. Defendant objected to the request on the grounds that it: "seeks information regarding a matter that is not proportional to the needs of the case considering the importance of the issues at stake in the action, is vague, is overbroad as to time and scope, is unduly burdensome, seeks information that is irrelevant or immaterial, and is not

reasonably calculated to lead to the discovery of admissible evidence." Defendant also objected on the grounds that the request "seeks information protected by the attorney work-product doctrine, attorney-client privilege, and/or insurer-insured privilege." Defendant stated the request "impermissibly seeks information about communications or statements made in anticipation of litigation." Defendant also objected to the extent "the request seeks information that is proprietary and confidential and not publicly known." Defendant did not provide a response to the request.

Request No. 29 seeks "[a]ll documents and things that refer or relate to all formal and informal complaints, petitions, allegations, lawsuits, and/or incident reports relating to the stocking, organizing, placing, shelving, arranging, or displaying of Menards' merchandise, including but not limited to any complaints, petitions, allegations, lawsuits, and/or incident reports relating to merchandise that fell off or was knocked off any shelves or display areas at Menards." [Doc. #59-1]. Defendant objected to the request on the grounds that it: "seeks information regarding a matter that is not proportional to the needs of the case considering the importance of the issues at stake in the action, is vague, is overbroad as to time and scope, is unduly burdensome, seeks information that is irrelevant or immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence." Defendant also objected on the grounds that the Request "seeks information protected by the attorney work-product doctrine, attorney-client privilege, and/or insurer-insured privilege." Defendant stated the request "impermissibly seeks information about communications or statements made in anticipation of litigation." Defendant also objected to the extent "the request seeks

information that is proprietary and confidential and not publicly known." In response to the request, defendant incorporated their response to Request No. 9, stating stated that there were no "complaints, incidents, or reports" involving copper grounding rods, limiting its response to the Manchester Road store and without waiving the aforementioned objections.

Interrogatory No. 11 asks Menards to "[i]dentify and describe in detail all formal and informal complaints, petitions, allegations, lawsuits, and/or incident reports relating to the stocking, organizing, placing, shelving, arranging, or displaying of Menards' merchandise, including but not limited to any complaints, petitions, allegations, lawsuits, and/or incident reports relating to merchandise that fell off or was knocked off any shelves or display areas at Menards." [Doc. #59-2]. Defendant objected to the interrogatory on the grounds that it: "seeks information regarding a matter that is not proportional to the needs of the case considering the importance of the issues at stake in the action, is vague, is overbroad as to time and scope, is ambiguous as to the meaning of 'complaints, petitions, allegations, lawsuits, and/or incident reports' and 'stocking, organizing, placing, shelving, arranging, or displaying,' is unduly burdensome, seeks information that is irrelevant or immaterial, and is not reasonably calculated to lead to the discovery of admissible evidence." Defendant also objected on the grounds that the Request "seeks information protected by the attorney work-product doctrine, attorney-client privilege, and/or insurer-insured privilege." Defendant stated the request "impermissibly seeks information about communications or statements made in anticipation of litigation." Defendant also objected to the extent "the request seeks information that is proprietary and confidential and not publicly known." In

response to the interrogatory, defendant answered that there were no similar incidents, limiting its response to the Manchester Road store and without waiving the aforementioned objections.

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited. *Sunnen Prod. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:09CV00889 JCH, 2010 WL 743633, at *1 (E.D. Mo. Feb. 25, 2010). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. *Id*.

## III. <u>Discussion</u>

Initially, the Court notes that neither the motion to compel nor the response addresses the privilege and work-product objections asserted by Menards. Because Streibig does not challenge those objections, the Court will not determine their validity.

Streibig argues that his requests and interrogatories are narrowly tailored and relevant to discovery. Initially, Streibig sought information pertaining to incidents relating to all personal injury lawsuits or workers compensation cases involving Menards and information relating to the stocking, organizing, placing, shelving, arranging, or displaying of Menards' merchandise. However, Streibig states that he has narrowed his original request to seeking only documents and information relating to formal and informal reports, complaints, petitions, and/or

workers' compensation claims based on merchandise that fell off a shelf or display at each of Menards' stores since January 1, 2010. This language is included in Requests No. 8, 9, and 29, as well as Interrogatory No. 11. Defendant is correct that Streibig's original requests and interrogatories sought information that was impermissibly broad under Fed. R. Civ. P. 26(b)(1) as it sought information that could not be considered relevant to Streibig's defense. Streibig's amended request moots that objection. Information that relates to claims based on merchandise falling off of a shelf or display is relevant and tailored to produce evidence that could be similar to the incident at issue in this case.

Defendant also argues that these requests are unduly burdensome. Defendant states that it received over 53,000 personal injury and worker's compensation claims during the relevant time period. Defendant submitted two affidavits stating that it maintains an electronic record of the complaints which include narrative descriptions of the accidents. Further, the electronic record is word-searchable. Defendant has failed to show how these requests are unduly burdensome given defendant's search capabilities. Accordingly, the defendant's objections to Requests No. 8, 9, 29, and Interrogatory No. 11 are overruled.

Streibig also claims that Request No. 28 seeks discoverable information relating to other incidents similar to the one at issue in this case. Defendant argues that this request is extraordinarily broad because the request seeks documents relating to every personal injury lawsuit or workers compensation case involving defendant. The Court agrees. This request is not narrowly tailored to provide relevant information that is similar to the one at issue in this case. Streibig's request here is much broader than the aforementioned requests and interrogatories

which were narrowed to incidents of merchandise falling off of a shelf or display. In his response, Streibig has failed to articulate a sufficient reason for the request. Streibig's request for a copies of complaints/petitions filed in all personal injury or worker's compensation lawsuits is overly broad and unduly burdensome because it is not tailored to produce relevant information. Accordingly, Streibig's motion to compel a response to Request No. 28 is **denied**.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that third-party defendant's motion to compel [Doc. #59] is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that the defendant shall have until **March 28, 2017** to answer Interrogatory 11 and produce all documents responsive to Requests No. 8, 9, and 29.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2017.