UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD PARSHALL,     )
    )
    Plaintiff,     )
    )
  vs.     )     Case No. 4:16-CV-828 (CEJ)
    )
MENARD, INC. d/b/a MENARDS,     )
    )
    Defendant/Third-Party Plaintiff,     )
    )
  vs.     )
    )
DANIEL STREIBERG,     )
    )
    Third-Party Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendant Menard, Inc. for a protective order pursuant to Fed. R. Civ. P. 26(c).

This action arises from an incident that occurred on December 23, 2014 in which merchandise fell from a display and struck plaintiff at a Menards store in Ballwin, Missouri. Plaintiff Richard Parshall alleges that defendant failed to properly secure the merchandise in the display. Defendant alleges that the third-party defendant Daniel Streibig[1] was negligent in handling the merchandise and is thus liable for plaintiff's injury.

Plaintiff and third-party defendant separately served notices to take the deposition of defendant's corporate designee, pursuant to Fed. R Civ. P. 30(b)(6). Defendant seeks a protective order prohibiting plaintiff and third-party defendant

---

[1] The correct spelling of the third-party defendant's name is "Streibig."

from from soliciting deposition testimony regarding certain enumerated topics. The defendant also moves for a protective order with respect to the plaintiff's Rule 34((a)(2) request to inspect and photograph merchandise displays in the store where the accident occurred.

I.  **Legal Standard**

Generally, a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense. See Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is broader than the scope of admissibility at trial. Id. However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Furthermore, "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

Rule 26(c) authorizes a court, for good cause, to issue an order limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Buehrle v. City of O'Fallon, MO,* No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D.Mo. Feb. 8, 2011) (citation omitted). The

movant bears the burden of demonstrating the necessity of a protective order, "which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65). A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8th Cir. 2003).

## II.  Discussion

### A.  Deposition Notices

Topics 1-15 in the plaintiff's and third-party defendant's deposition notices are identical and are the subject of the same objections made by defendant. Therefore, they will be discussed together.

### Topics 4, 5, 7, 8, 9, and 12

Defendant argues that Topic Nos. 4, 5, 7, 8, 9, and 12 are overbroad because they seek information related to different Menards' locations, different displays, or different merchandise involved in the alleged incident. Defendant cites *Laubach v. Otis Elevator Co.*, 37 F.3d 427, 428 (8th Cir. 1994), for the proposition that information involving different displays or stores is not relevant, nor would be reasonably calculated to lead to the discovery of admissible evidence. However, *Laubach* focuses on the admissibility of evidence at trial, not whether the evidence itself is discoverable. In each of the cases defendant cites, the parties had to be able to discover the information in order to argue its admissibility. *See also Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1081–82 (8th Cir. 2000) (finding

that a district court properly excluded evidence at trial because the evidence was irrelevant). Defendant argues that incidents involving different merchandise, different displays or a different store would not be "substantially similar" to the incident involved here. But, the materiality of any differences cannot be known without disclosing the requested information. At this point, it cannot be said that the discovery being sought is not relevant to any issue in this case.

Defendant also claims that Topics 4, 5, and 7 are overbroad because they request information that is not admissible at trial. Federal Rule 26(b)(1) clearly states that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Each of these requests appears both relevant and reasonably calculated to lead to the discovery of admissible evidence.

The request for information in Topic 7 is limited to the time period December 23, 2011 to December 23, 2015. Defendant fails to show how the request is overbroad as to time, given this limitation. However, the Court believes it reasonable to place a similar time limitation on the requests in Topics 5, 8, 9, and 12.

The Court disagrees with defendant's assertion that request in Topic 4 for "the facts and circumstances concerning any injuries, complaints, claims and/or lawsuits" is unreasonably vague. Indeed, defendant has represented elsewhere that it maintains reports of personal injury and worker's compensation claims which contain a brief narrative accident description. [Doc. #65].

The Court also disagrees with defendant's claim that Topics 5, 8, 9, and 12 are irrelevant. The topics request information regarding standards, guidelines,

procedures, specifications and policies with respect to merchandise displays.  It is not unreasonable, overbroad, or irrelevant for plaintiff to request information regarding the development of merchandise displays when that is an issue in this case.

Finally, defendant asserts that providing the requested information would be unduly burdensome in that it would require a physical search of the filing cabinets in its 305 stores and in its record storage warehouses, as well as requesting copies of files from attorneys it has employed.  Defendant has previously stated that it maintains a narrative description of injury claims and that they are word-searchable.  The Court finds that defendant has failed to establish that the requests are unduly burdensome.

### Topics 3 and 13

Defendant objects to Topics 3 and 13 because they seek information regarding subsequent remedial measures which would be inadmissible at trial. Again, relevant information need not be admissible in order to be discoverable. Further, evidence of subsequent remedial measures may be admissible for purposes such as impeachment or the feasibility of precautionary measures.  Fed. R. Evid. 407.

### Topic  9

With respect to Topic 9, the defendant cannot be expected to provide information that it does not have in its possession.  However, information regarding the defendant's knowledge of industry standards, guidelines, or specifications regarding safety considerations when designing, installing, or building a display for merchandise is discoverable.

**Topics 16, 20, and 23**

Topic 16 seeks information related to the range of behavior and actions defendant anticipates from its customers at its stores when using self-help or self-service displays or racks. The Court finds this inquiry relevant in light of the defendant's claim that third-party defendant Streibig, its customer, was negligent. Further, because the request is limited to self-help or self-service displays or racks, it is not excessively broad.

Topic 20 seeks information related to defendant's policies, procedures, and guidelines regarding posting or displaying warning, hazard, and/or caution signs in its stores. The Court finds this request is not overbroad or unduly burdensome because it is tailored to the discovery of information regarding the standard of care under defendant's own policies, procedures and guidelines.

Topic 23 seeks information regarding the consideration or decision by defendant relating to securing, barricading, and/or restraining the merchandise in the Grounding and Unistrut displays at its stores. Information regarding the displays in other stores is relevant to the defendant's displays in the store where the accident occurred. Also, given that the request is limited to Grounding and Unistrut displays at the defendant's stores, it is neither overbroad nor burdensome.

**Topics 18 and 19**

Topics 18 and 19 seek defendant's policies, procedures, and guidelines concerning its surveillance cameras and retention of surveillance video. Defendant has produced a nine-minute clip of its surveillance video from December 23, 2014, which begins after Streibig. According to defendant, the full surveillance video no

longer exists.  The Court believes that inquiry into the defendant's maintenance and retention of surveillance video is both reasonable and relevant.

**Topics 21 and 22**

Contrary to defendant's assertion, Topics 21 and 22 do not seek information that is not in defendant's possession.  Instead, they seek information regarding the defendant's knowledge, application, and analyses of industry standards and competitors practices for displaying and securing merchandise in self-service areas. The defendant is not being called upon to provide information it does not have.

**B.  <u>Request for Entry</u>**

Plaintiff has asked to enter defendant's premises in order to inspect, photograph, and/or test merchandise displays containing vertically-stored merchandise.  A party may request entry onto designated property controlled by the responding party in order to "inspect, survey, photograph, test, or sample the property of any designated object or operating on it as long as the request is relevant to the party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 34(a)(2); Fed. R. Civ. P. 26(b).

Defendant argues that displays containing vertically stored merchandise, other than the one involved in this case, are not relevant. The merchandise involved in this case was placed in a vertically-stored display.  Examination of other vertically-stored displays is relevant and plaintiff's request is proportionate to the needs of this case.  Defendant also argues that the phrase "vertically stored merchandise" is ambiguous and is not defined in a sufficient manner to allow defendant to know what other displays or merchandise plaintiff is seeking to inspect, photograph, and/or test.  The Court finds this argument without merit. The

phrase "vertically stored merchandise" clearly means merchandise that is stored in a vertical fashion. Finally, it must be borne in mind that protective orders are meant to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Defendant contends that granting plaintiff's request would allow inspection of any display in the Menards store. Even if that interpretation were accepted by the Court, it is hard to see how defendant would be subjected to annoyance, embarrassment, oppression, or undue burden or expense.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motions for a protective order with respect to the Rule 30(b)(6) deposition notices [Doc. #56 and Doc. #71] are **granted** to the extent that the requests in Topics 5, 7, 8, 9, and 12 are limited to the time period December 23, 2011 to December 23, 2015. The motions are **denied** in all other respects.

**IT IS FURTHER ORDERED** that the defendant's motion for a protective order with respect to the plaintiff's Rule 34 request [Doc. #72] is **denied**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2017.