UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:16-CV-828 (CEJ) ) |
| MENARD, INC. d/b/a MENARDS, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| DANIEL STREIBERG, | ) ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Menard, Inc. to dismiss its claim against third-party defendant Daniel Streibig[1] without prejudice. Streibig has responded in opposition and the matter is fully briefed.

This action arises from an incident that occurred on December 23, 2014 in which merchandise fell from a display and struck plaintiff Richard Parshall at the defendant's store in Ballwin, Missouri. Plaintiff alleges that defendant failed to properly secure the merchandise in the display. Menard alleges that Streibig was negligent in handling the merchandise and is thus liable for plaintiff's injury.

Rule 41(a)(2) allows for dismissal of an action at the plaintiff's request "only by court order, on terms that the court considers proper." The rule is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a

---

[1] The parties appear to agree that the third-party defendant's name is "Streibig" not "Streiberg."

dismissal would "unfairly affect" the defendant. *See Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir.1987). Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit. Id.

The types of prejudice that would justify denying a motion to voluntarily dismiss include: (1) emotional and psychological trauma associated with the experience of defending another lawsuit; (2) the prejudice resulting from uncertainty over title to land; and (3) the absence of a justification for the proposed dismissal. *Id.* at 783. A district court should also consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case; and (4) whether the defendant has filed a motion for summary judgment. *Id.* at 783. In general, a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision. *Moore v. W.W. Transp.*, No. 4:10-CV-2203 CEJ, 2011 WL 3425605, at *1 (E.D. Mo. Aug. 4, 2011).

The aforementioned factors weigh against dismissal. Defendant fails to provide any justification or explanation for its desire to dismiss at this time. The parties have expended considerable effort and expense in the discovery process. Streibig notes that the litigation has been ongoing for over a year and suggests that defendant's motive for seeking a dismissal is to avoid Court-ordered discovery. Streibig also has a pending motion for summary judgment. There is no indication that defendant has exhibited excessive delay or lack of diligence in prosecuting the case.

Upon reviewing the factors set forth in *Paulucci*, the Court finds that defendant Menard has failed to show that Streibig would not be prejudiced by the dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant/third party plaintiff Menard, Inc. to dismiss its third party claim without prejudice [Doc. #87] is **denied**.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 31st day of March, 2017.