UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PARSHALL,<br>  Plaintiff, | )<br>)<br>) |
|  vs. | )  Case No. 4:16-CV-828 (CEJ)<br>) |
| MENARD, INC. d/b/a MENARDS,<br>  Defendant/Third-Party Plaintiff, | )<br>)<br>) |
|  vs. | )<br>) |
| DANIEL STREIBERG,<br>  Third-Party Defendant. | )<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of third-party defendant Daniel Streibig for summary judgment.[1] Defendant/third-party plaintiff Menard, Inc. (Menards) has responded in opposition and the issues are fully briefed.

**I. Background**

Menards owns and operates more than 300 self-service retail home improvement stores throughout the United States, one of which is located in Ballwin, Missouri. Because Menards is a self-service store, customers are able to remove merchandise from shelves and displays without asking for help from a store employee.

In its electrical department, Menards sells cylindrical copper rods called "groundrods," measuring 8-12 feet in length and displayed in a vertical position. On December 23, 2014, Streibig and plaintiff Richard Parshall were shopping separately at the Menards store in Ballwin. While shopping in the electrical

---

[1] The third-party defendant's name is incorrectly spelled in the caption.

department, Streibig removed an 8-foot rod and a 10-foot rod from a vertical display rack. After deciding not to buy them, he returned the rods to the rack one at a time. In his deposition, Streibig testified that made sure that the longer rod was "secured" and he checked to see that the shorter rod was "in a stable position." [Doc. # 80-5 at pp. 48, 84]. There were no signs near the display warning shoppers not to remove the rods or instructing them on how to handle the merchandise. However, there was a wooden bar across the top of the display. As Streibig walked away from the display, a ground rod fell and struck Parshall. Video from a surveillance camera shows Streibig replacing the rods and the injury to Parshall.

Parshall filed suit against Menards, asserting a claim of negligence. Menards in turn brought a third-party action against Streibig, claiming that he was negligent in handling the rods and is thus liable for plaintiff's injury.

## II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586–87 (1986). If the moving party meets its burden, the non-moving party may not rest on the allegations of its pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Gannon Intern., Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012); *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Industrial Co.*, 475 U.S. at 587).

### III. Discussion

In a negligence action under Missouri law, a plaintiff must prove that (1) the defendant owed him a duty of care, (2) defendant breached that duty, and (3) defendant's breach proximately caused his injury. *Lopez v. Three Rivers Elec. Co-op. Inc.*, 26 S.W.3d 151, 155 (Mo. banc 2000). The applicable standard of duty of care is a question of law for the court; whether a defendant's conduct fell below that standard of care is a question of fact for a jury. *Hellman v. Droege's Super Market, Inc.*, 943 S.W.2d 655, 658 (Mo. Ct. App. 1997). To determine whether Menards' negligence claim can survive summary judgment, the Court must first determine whether Streibig owed a duty to protect the Parshall from injury. *Bluehaven Funding, LLC v. First Am. Title Ins. Co.*, 594 F.3d 1055, 1060 (8th Cir. 2010) (citing *Owens v. Unified Investigations & Scis., Inc.,* 166 S.W.3d 89, 92 (Mo. Ct. App. 2005)).

Menards alleges that Streibig was under a legal duty to use ordinary care to protect Parshall against unreasonable risks and to act in a reasonable manner. A duty to exercise care may be imposed by a controlling statute or ordinance,

assumed by contract, or imposed by common law under the circumstances of a given case. *Bowan ex rel. Bowan v. Express Medical Transporters, Inc.,* 135 S.W.3d 452, 457 (Mo. Ct. App. 2004). Here, a duty to exercise care is not imposed on Streibig by a statute or ordinance, assumed by contract, or imposed by common law. Thus, the Court must also look at the circumstances surrounding the parties' relationship. *Id.* Here, there was no relationship between Streibig and Parshall; they were merely two customers who happened to be shopping in Menards at the same time. Absent a particular relationship recognized by law as creating a duty, the concept of foreseeability is paramount in determining whether a duty exists. *Wilmes v. Consumers Oil Co. of Maryville*, 473 S.W.3d 705, 721 (Mo. Ct. App. 2015); *see also Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prod., Inc.*, 700 S.W.2d 426, 431 (Mo. 1985). Foreseeability is defined "as the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." *Hallquist v. Midden*, 196 S.W.3d 601, 604 (Mo. Ct. App. 2006).

Menards has cited no case law or other authority in which a customer has been deemed to owe another customer a duty to exercise care in a similar situation. Menards instead argues that the proper analysis in determining whether a duty exists hinges on assessing whether Streibig could foresee that some injury might result from unreasonably handling the ground rods. When deciding if an injury was reasonably foreseeable, courts examine what the actor knew or should have known. *Hoover's Dairy, Inc.* at 431. Here, the rods were on display for any customer to handle without the assistance of a store employee. Thus, Streibig was free to remove and replace the rods on his own. It is undisputed that there were

no signs near the display warning customers not to remove or handle the ground rods, advising them of a potential danger in removing of the rods from or replacing them in the display rack, or instructing customers on the proper way to replace the rods in the display. In determining whether a potential harm is sufficiently foreseeable, a mere probability is insufficient; rather, there must be the existence of a probability which would cause a reasonable person to take precautions to avoid it and no duty is owed to persons outside the orbit of danger as disclosed to the eye of reasonable vigilance. *Hallquist v. Midden*, 196 S.W.3d 601, 604 (Mo. Ct. App. 2006). Here, a mere probability of harm existed to other customers, which is insufficient to place a duty on a customer interacting with merchandise as intended.

In support of its argument that Streibig owed Parshall a duty to exercise reasonable care, Menards cites to *Bowan*, in which the court wrote: "[w]hen considering if a duty exists in a particular case, we look at several policy factors, including the following: (1) whether society finds the interest is worthy of protection; (2) the foreseeability of harm and degree of certainty that the protected person suffered injury; (3) the moral blame society places on the conduct; (4) the prevention of future harm; (5) the costs and the ability to spread the risk of loss; and (6) the economic burden on the actor and community." 135 S.W.3d at 457. However, Menards presents no argument regarding the factors listed in *Bowan* beyond generally stating that it is foreseeable that unreasonably handling a large copper rod could cause a third-party injury. After a careful review of the *Bowan* factors in the context of this case, the Court concludes that Streibig did not owe Parshall a duty: because it is unlikely that imposing a duty would decrease the likelihood of the injury, because ultimately it is uncertain whether the type of injury

suffered by Parshall was certain to occur, and because society already places the moral blame for this type of activity on the wrongdoer.

For the reasons discussed above, Streibig is entitled to a judgment as a matter of law on Menards' third-party claim.

Accordingly,

**IT IS HEREBY ORDERED** the third-party defendant's motion for summary judgment [Doc. #79] on the third-party complaint [Doc. # 5] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2017.